IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Heather Angelica Kamp, #345650, | ) C/A No.: 1:13-3450-RBH-SVH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden of Graham Correctional Institution, | ) |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner Heather Angelica Kamp is an inmate at the Graham Correctional Institution of the South Carolina Department of Corrections. She filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return, as supplemented. [ECF Nos. 18, 19, 25, 26]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to Respondent's motion by May 27, 2014. [ECF No. 20]. After multiple extensions, Petitioner filed a three-page response on September 17, 2014. [ECF No. 36].

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.      Factual and Procedural Background

Petitioner was indicted by the Charleston County grand jury during the January 2010 term of court for obstruction of justice (2010-GS-10-1264) [ECF No. 19-1 at 1–2 and forgery (2010-GS-10-1267) [ECF No. 19-1 at 3–4], and during the February 2010 term of court for the murder of Katherine P. Waring (2010-GS-10-1814) [ECF No. 19-1 at 5–6]. Petitioner's husband, Ethan Mack, was also charged. [ECF No. 19-2 *passim*].

Petitioner was represented by Francis J. Cornely, Esq. Petitioner initially pled guilty to voluntary manslaughter, obstruction of justice, and forgery, but after violating her plea agreement with the State, the State successfully sought to void and set aside Petitioner's pleas at a hearing before the Honorable J.C. Nicholson, Jr., Circuit Court Judge, on March 21, 2011. [ECF Nos. 19-2 at 2–18; 19-3]. At the same hearing, Petitioner pled guilty-but-mentally-ill to the charges in the indictments. [ECF No. 19-2 at 19–42]. On April 12, 2011, Petitioner appeared before Judge Nicholson for sentencing. [ECF No. 19-4]. Judge Nicholson sentenced Petitioner to 39 years for murder and to concurrent sentences of 10 years for obstruction of justice and 5 years for forgery. [ECF Nos. 19-4 at 89; 19-5].

Petitioner appealed her convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). [ECF No. 19-6]. Mr. Cornely continue to represent Petitioner on appeal, raising the following issues:

ISSUE ONE:  The State's promises to the Appellant amounted to a contract that the State breached when it allowed the non-cooperating co-defendant to plead guilty to a lesser offense and receive a substantially reduced sentence.

> ISSUE TWO: The sentencing judge did not properly consider the extent of Appellant's cooperation when the judge sentenced the Appellant to 39 years. That the same judge sentenced the non-cooperating co-defendant to 25 years.

[ECF No. 19-7].

On June 22, 2011, the Court of Appeals filed an order of dismissal, noting that Petitioner was attempting to appeal from a guilty plea without having identified that the appealable issues were raised to or ruled upon by the trial judge. [ECF No.19-8]. The remittitur was issued on July 22, 2011. [ECF No. 19-9].

On April 9, 2012, Petitioner filed an application for post-conviction relief ("PCR"), alleging that she was being held in custody unlawfully because (1) she was mentally unstable, (2) the State breached its contract with her; and (3) the sentencing judge did not properly consider the extent of her cooperation. [ECF No. 19-10]. By order filed May 23, 2013 [ECF No. 19-12], the court dismissed the PCR application, after a hearing on May 22, 2013, in which Petitioner withdrew her PCR application. [ECF No. 25-1]. Petitioner did not seek to restore her PCR application or otherwise appeal the order of dismissal.

Petitioner filed this federal petition for a writ of habeas corpus on December 9, 2013. [ECF No. 1-1 at 1].[1]

---

[1] The petition was received by the court on December 10, 2013, and docketed on December 11, 2013. [ECF No. 1]. However, because Petitioner is incarcerated, she benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects the petition was deposited in the SCDC mailing system on December 9, 2013. [ECF No. 1-1 at 1].

II.   Discussion

   A.   Federal Habeas Issues

Petitioner states the following grounds in her habeas petition:

**Ground One:**   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

   **Supporting Facts:** My mental health evaluation supports my many disorders, my mental health history with long standing reports since childhood also maintains lack of mental stability. My constant mood swings, changing of explainations, anger, during interviews needing constant care by a therapist, and counseler with medications throughout trial and jail incarceration. Not having legal experience and knowledge to understand requirements of the law to protect self against self-incrimination by speaking to family of victims lawyers.

**Ground Two:**   Conviction obtained by a violation of the privilege against self-incrimination.

   **Supporting Facts:** Victims lawyers made promises and did not tell me they were representing victims family. Then when was told that the lawyers were representing family did not imform me of legal incrimination. Made promises that were of no legal stating to be made. My lack of legal knowledge lead to myself to be incrimated by these promises. My lack of mental stability caused poor judgements to be made. I had no legal representation. I was lead to believe the victim's familie lawyers were mine. Then I was told they would find me a lawyer. Husband, codefendant was given the head of the public defender's office the very first day we were placed for a bond hearing. I was not offered consel by State until weeks later. By which time I had then recieved pro bonal lawyer privately. But the damage was already done.

**Ground Three:**   Conviction obtained by denial of effective assistance of counsel.

   **Supporting Facts:** In the bond hearing the State provided co-defendant with the head of the public defender's office. He was represented that

>    day and every time after until he obtained private counsel. I was not represented by no one at bond hearing, did not recieve a letter of counsel being offered until weeks after. So my legal interests were not protected. Do to lack of legal understanding I did not understand bond hearing or the charges being placed, what the bond amounts were being based on. Because of lack of counsel I then was lead to believe that they promises and advice of victims family's lawyers were legal.

**Ground Four:**     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

>    **Supporting Facts:** The state breached its promises by making a deal with defendant so that they would not have to retrial against him. Which resulted in a far amount of time reduction. As well as a lesser charge. This deal was placed before my plea arrangement and with out mine or my lawyer's knowledge. The State was informed also by family that they would seek for credit in cooperation in sentencing and instead sought maximum sentencing and placed a very bad opinion of character. Family was seeking maxium justice on at least one of the defendants and it ended up being me.

ECF No. 1 at 4–5 (errors in original).

    B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-

5

moving party and draw all justifiable inferences in its favor. *Id.* at 255.

    C.    Analysis

        1.    AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed her petition after the effective date of the AEDPA, review of her claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
>     (A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> 
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of her conviction. Rule 203(b)(2), SCACR. Thus, if a defendant does not file a direct appeal, her conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and her conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that her petition is timely or that she is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

      2.    Petitioner Did Not Timely File Her Federal Petition

The undersigned finds Petitioner did not timely file her petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or

the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final "when [her] time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner pled guilty on March 21, 2011 [ECF No. 19-2 at 19–42], and was sentenced on April 12, 2011 [ECF Nos. 19-4 at 89; 19-5]. Petitioner timely appealed, and the Court of Appeals issued an order of dismissal on June 22, 2011. [ECF No.19-8]. The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on July 7, 2011, upon her failure to file a motion to reinstate her appeal. *See* Rule 260(a), SCACR (setting a 15-day limit in which to file a motion to reinstate when an appeal has been dismissed for failure

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

10

to comply with appellate court rules). *See Gonzalez v. Thaler*, 565 U.S. ___ , ___, 132 S. Ct. 641, 653–54 (2012) (holding that for those who do not appeal to the United States Supreme Court in the direct appeal, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this [the United States Supreme] Court, or in state court, expires.").

Petitioner's filing of her PCR application on April 9, 2012, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed her PCR application, 277 days had elapsed, leaving 88 days within which Petitioner could timely file a federal habeas petition. Petitioner's PCR action concluded on May 23, 2013, when the PCR court dismissed it with prejudice after Petitioner withdrew it. [ECF No. 19-12]. Petitioner had until June 24, 2013, to appeal the PCR court's order. *See* Rule 203(b)(1), SCACR (setting a thirty (30) day limit in which to appeal after order from court of common pleas). The statute of limitations thereafter resumed and ultimately expired (the first business day) 88 days later, on September 20, 2013. Petitioner did not file her habeas action until December 9, 2013—over two months after the statute of limitations had run. [ECF No. 1-1 at 1]. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless she has demonstrated that she diligently has been pursuing her rights and that extraordinary circumstances prevented her timely filing, which could equitably toll the statute of limitations.

11

3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland*, 560 U.S. at 643 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated she was reasonably diligent in pursuing her rights below. Petitioner's tardiness in filing this petition in no manner suggests that she diligently pursued her rights. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner). If Petitioner had

advanced her claims within a reasonable time of their availability, she would not now be facing any time problem. *See Pace* at 419. Not only did Petitioner withdraw her PCR appeal, but she sat on her rights for months before filing her PCR petition, and thereafter sat on them for more than six more months after her PCR proceedings became final before deciding to seek relief in federal court. *See id.* "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Id.,* citing *McQuiddy v. Ware,* 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

          b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because she has not set forth facts that could demonstrate an "extraordinary circumstance" kept her from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle her to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support any argument that the limitations period should

be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of her claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

October 31, 2014                             Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).